# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

**NATASHA MICHELLE BOYLAND**                                                   **PLAINTIFF**

**VS.**                                                          **CAUSE NO.: 18-13983-JDW**

**MEMPHIS WEALTH BUILDERS, LLC**                                              **DEFENDANT**

### RESPONSE TO MOTION TO VOID FORECLOSURE SALE AND DISCHARGE ALL DEBTS LISTED

COMES NOW MEMPHIS WEALTH BUILDERS, LLC (hereinafter referred to as "Defendant" or "MWB"), and files this Response to Motion to Void Foreclosure Sale and Discharge all Debts Listed and would show and state as follows:

1. Natasha Boyland filed a Chapter 7 Bankruptcy Petition on or about October 12, 2018.

2. The Property in question is located at 4414 Wrenwood Drive in Horn Lake, Mississippi. Ms. Boyland purchased the property in July of 2005.

3. The Property was lawfully foreclosed upon September 6, 2018, more than one month prior to Ms. Boyland's bankruptcy filing. Memphis Wealth Builders, LLC purchased the property that day. The Substitute Trustee's Deed was entered October 2, 2018 memorializing the foreclosure proceedings and the consideration for the purchase of the Property. A certified copy of the stamp filed Deed is attached hereto as Exhibit "A".

4. Ms. Boyland filed for Bankruptcy protection after being served with an eviction proceeding in DeSoto County Justice Court. The initial bankruptcy filing did not list Memphis Wealth Builders, LLC as a creditor. Ms. Boyland later added Memphis Wealth Builders to the

creditor matrix, but they do not list the company in their schedules and claim they owe the company no money.

5. The Justice Court entered a judgment for Memphis Wealth Builders, LLC granting the eviction. Ms. Boyland appealed the Order to the County Court of DeSoto County. After the County Court overruled Ms. Boyland's Motion to Dismiss due to her bankruptcy filing, it entered an Order of Possession of the subject property in favor of Memphis Wealth Builders, LLC. A copy of that Judgement is attached hereto as Exhibit "B". Ms. Boyland eventually vacated the premises after Memphis Wealth Builders, LLC was forced to return to County Court to obtain a Warrant for her removal from the premises. A copy of said Warrant of Removal is attached hereto as Exhibit "C".

## ARGUMENT

6. Ms. Boyland argues that the Foreclosure Sale should be voided or set aside due to "Constitutional Due Process" and that a non-judicial foreclosure sale is in violation of her rights. To the extent that MWB needs to respond to this argument, it should be pointed out that a non-judicial foreclosure of a deed of trust as codified in Mississippi Code Annotated 89-1-5 *et seq*. constitutes a private action authorized by contract and does not come within the scope of the due process clause of the Federal Constitution. *See Leininger v. Merchants & Farmers Bank, Macon*, 481 So.2d 1086 (Miss. 1986).

7. Ms. Boyland further argues that the foreclosure should be voided under the Trustee's avoidance powers located in 11 USC 544. This exact argument has been rejected at least twice by Mississippi Bankruptcy Courts. *See generally In re Martin*, 276 B.R. 552 (2001) and *In re Applewhite*, 106 B.R. 468 (1989). Foreclosure is a matter of state law. *Id*. Debtors are divested of all legal and equitable title in foreclosed property at the conclusion of a foreclosure sale. *Id*. Under

Mississippi law, the automatic stay is inapplicable to successful pre-petition foreclosure sale bidders. *See Applewhite* at 470. Since the debtor is divested of all legal and equitable interest in property at the conclusion of a foreclosure sale, the property does not become part of the debtor's estate pursuant to 11 USC 541(a)(1) and Section 544(a)(3) cannot create such a property interest. *Id.*

8. The bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the date of the bankruptcy filing. Bankruptcy law does not create property, and the nature of the Debtor's interest in property which accrues to the estate is based on non-bankruptcy law. *See Applewhite* at 469. The property in question was not a part of the bankruptcy estate because the Boylands no longer owned it, or had any interest of any kind in the property as of September 6, 2018 due to the foreclosure. *See In re Martin*, 276 B.R. 552 (2001).

9. This issue has further been addressed by multiple bankruptcy jurisdictions around the country, and, unsurprisingly, those courts have concluded that property foreclosed prior to a bankruptcy filing is NOT part of the bankruptcy estate and is NOT subject to the automatic stay. *See generally In Re Detter*, 141 B.R. 221 (1991) (the residence is not property of the bankruptcy estate when the debtors lost all property rights in the residence at foreclosure); *In re: Cole*, 88 B.R. 763 (1988) (Debtors' residence was not property of the estate, subject to stay, where foreclosure was completed before the petition was filed); *In re: Williams d/b/a Recovery Zone*, 247 B.R. 449 (2000) (where foreclosure sale of debtor's residence became final prior to commencement of Chapter 13 case, residence did not become property of estate and was not protected by automatic stay).

10. Ms. Boyland has not put forth any justifiable reason to void the foreclosure sale on the applicable property. In fact, case law is clear that this foreclosure sale cannot be voided. Memphis

Wealth Builders, LLC respectfully requests this Court deny Ms. Boyland's request and award it the fees and expenses it has incurred defending this motion.

Respectfully Submitted,

**BRIDGFORTH, BUNTIN & EMERSON, PLLC**
*Attorneys for Plaintiff*

BY: /s/ Adam B. Emerson
    Adam B. Emerson (MSB #102258)
    5293 Getwell Road
    Southaven, MS   38672
    Telephone:  (662) 393-4450
    Email:  adam@bbelawyers.com

## CERTIFICATE OF SERVICE

I, Adam B. Emerson, hereby certify that I have notified the following interested parties of the Motion to Dismiss Adversary Proceeding filed by Memphis Wealth Builders, LLC, as reflected on the foregoing notice by U.S. Mail, postage prepaid and/or to all interested parties and the Chapter 13 Trustee by electronic servicing this, the 7th day of February, 2019.

- Jeffrey Levingston     jleving@bellsouth.net, MS01@ECFCBIS.com
- U. S. Trustee    USTPRegion05.AB.ECF@usdoj.gov
- Natasha Michelle Boyland    P.O. Box 95, Horn Lake, MS 38637

/s/ Adam B. Emerson
Certifying Attorney