**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

IN RE:

**NATASHA MICHELLE BOYLAND**                                   **CASE NO. 18-13983-JDW**
                                                               **CHAPTER 7**

_____/

**BANK OF AMERICA N.A. AND FIRST FRANKLIN
FINANCIAL CORPORATIONS' RESPONSE TO DEBTOR,
NATASHA MICHELLE BOYLAND'S MOTION TO VOID
FORECLOSURE SALE AND DISCHARGE ALL DEBTS LISTED[1]**

Bank of America, N.A. ("BANA") and First Franklin Financial Corporation ("Franklin") by and through undersigned counsel hereby file this Response to Debtor, Natasha Michelle Boyland ("Debtor"), Motion to Void Foreclosure Sale and Discharge all Debts Listed [ECF 17], and in response states as follows:

**SUMMARY OF ARGUMENT**

The Debtor's Motion should be denied as (1) the Motion fails to comply with Bankr. R. P. 9013 and Miss. Bankr. L. R. 9013-1; (2) the Motion fails to comply with Bankr. R. P. 9014 and 7004, as the Debtor failed to properly serve BANA and Franklin; (3) BANA is an improper party to this Motion, as it no longer has an interest in the Loan, as defined below, at issue, or the Property as the new servicer to this Loan is Select Portfolio Servicing, Inc.; (4) the Debtor's basis for avoidance of the non-judicial foreclosure sale are not available to her under the Code; and (5) to the extent a claim exists against BANA and/or Franklin, that claim belongs to the Chapter 7 trustee and not the Debtor.

---

[1] Bank of America, N.A. and First Franklin Financial Corporation reserve the right to amend this response.

## BACKGROUND

1. On or about July 18, 2005, the Debtor executed a note in the amount of $134,995.00 ("Note") in favor of First Franklin IN.

2. The Note is secured by a deed of trust ("Deed of Trust") encumbering property located at 4414 Wrenwood Drive, Horn Lake, MS (the "Property").

3. On or about June 24, 2014, First Franklin executed an assignment of the Deed of Trust to Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of First Franklin Mortgage Loan Trust 2005-FFH3, Asset-Backed Certificates, Series 2005-FFH3 ("Deutsche Bank").

4. BANA serviced the loan until it was service-released to Select Portfolio Servicing, Inc. ("SPS") on December 16, 2013.

5. On August 24, 2018, the Debtor filed a complaint against BANA, Deutsche Bank, First Franklin, SPS and others in the District Court for the Northern District of Mississippi, case No. 3:18-cv-00181-MPM-RP (the "District Court Case"). ECF 1 to the District Court Case.

6. On November 6, 2018, the Debtor filed a second amended complaint in the District Court Case. ECF 34 to the District Court Case.

7. The Debtor's second amended complaint attempts claims for fraud against First Franklin, and its successors, because (a) First Franklin IN claims to have given a loan of money to the Debtor when it never actually gave the Debtor a loan from its own capital, and (b) First Franklin IN and First Franklin Corporation did not have legal capacity to loan credit or money from their own capital. Based upon these allegations, the Debtor seeks to recover the Note "or its proceeds," the amounts paid to BANA and SPS pursuant to the loan, punitive damages, the release of the Deed of Trust, credit reporting correction, and a formal written apology. See ECF 34, to the District Court

Case.

8. On October 12, 2018 (the "Petition Date"), The Debtor initiated this proceeding by filing a voluntary Chapter 7 bankruptcy petition. ECF 1.

9. On October 12, 2018, Jeffrey A. Levingston, was appointed as Chapter 7 Trustee (the "Trustee").

10. In her Schedules, the Debtor lists her pending claims in the District Court Case. *See* ECF 11 at Page 10. The Debtor values her claim at $1,547,777.83. *Id*.

11. The Debtor does not claim the District Court Case litigation as exempt on Schedule "C". ECF 11 at Page 13.

12. On November 16, 2018, the Debtor filed her Motion to Void Foreclosure Sale and Discharge all Debts Listed [ECF 17] (the "Motion"). The Motion, without providing any factual basis and/or particularity for the relief sought, apparently seeks to void a foreclosure sale which took place September 6, 2018 and to discharge all debts. As basis for the relief sought, the Debtor seems to argue that the non-judicial foreclosure sale violated her due process rights; pursuant to 11 U.S.C. §§ 544(b)(1), 547(b) and 548(B)(i)(ii)(I) because, according to the Debtor, the trustee may avoid any transfer of an interest of the debtor in property (see 11 U.S.C. § 544(b)(1); the court has the power to avoid a foreclosure sale because there is no right to a non-judicial foreclosure as she was deprived of her due process rights (see 11 U.S.C. § 547(b)); and because the sale received less than reasonably equivalent value in exchange for such transfer (11 U.S.C. § 548). Further, as her basis for all debts to be discharged, the Debtor argues that the only legal form of tender is "gold and silver coin" and that since she has never been in possession of gold and/or silver the creditors have never received legal form of tender as required by the Constitution. Accordingly, she concludes, that all debts should be discharged. *See* Motion at P. 2-3.

13. Pursuant to the Certificate of Service in the Motion, the Motion was served on BANA and Franklin, as follows via U.S. Mail to:

   a. Bank of America, PO Box 851001, Dallas, TX 75285-1001;

   b. Bank of America, 100 N. Tryon, Street, Charlotte, NC 28255;

   c. First Franklin, A Division of National City Bank of Indiana c/o C T Corporation System (CO168406) (Registered Agent), 111 8th Ave 13th Floor, New York, NY 10011;

   d. First Franklin Corporation c/o C T Corporation System (CO168406) [Registered Agent] 111 8th Ave. 13th Floor, New York, NY 10011

14. BANA is an insured depository institution. Franklin is a California corporation with its principal place of business in San Jose, California.

15. On January 9, 2019, the Trustee filed his report of no distribution.

16. On January 17, 2019, undersigned counsel filed his Motion to Appear *pro hac* vice. [ECF 46]. The *pro hac* vice appearance was granted on January 22, 2019. ECF 48.

17. The Debtor's claims fail in their totality and the Motion should be denied.

## ARGUMENT

### I. *The Motion Should be Denied as it fails to comply with Bankr. R. P. 9013 and Miss. Bankr. L. R. 9013-1*

Bankruptcy Rule of Procedure 9013 states as follows:

A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. *The motion shall state with particularity the grounds therefore and shall set forth the relief or order sought*. Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:

(a) the trustee or debtor in possession and on those entities specified by these rules; or

> (b) the entities the court directs if these rules do not require service or specify the entities to be served.

Bankr. R. P. 9013 (*emphasis added*).

Likewise, pursuant to the Bankruptcy Court for the Northern District of Mississippi L.R. 9013-1, motions require the following:

> (a) Rule or statutory basis.
> Each motion shall specify the rules and statutory provisions upon which it is predicated.

Miss. Bankr. L.R. 9013-1.

"Bankruptcy Rule 9013 is derived from F. R. Civ. P. 5(a) and 7(b)(1)." *In re Aucoin*, 150 B.R. 644 (E.D. La. 1993). "One of the purposes of the Federal Rules of Civil Procedure is to simplify the pleading phase of litigation." *Id.* (citing *Carey v. Schuldt*, 42 F.R.D. 390, 395 (E. D. La. 1967)). "The purpose of the particularity requirement is to afford notice of the grounds and prayer of a motion to both the court and the opposing party, providing that party with a meaningful opportunity to respond in court with enough information to process the motion correctly." *Aucoin*, 150 B.R. at 647, citing *Registration Control Systems v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990).

The Motion does to comply with Bankr. R. P. 9013 as it fails to state with any particularity the factual basis for the relief sought. Accordingly, the Motion should be denied. The Motion, a four-page single spaced motion, provides no factual basis or background as to the parties' relationship and the basis for the debtor's claims against the parties. The Motion does not specify any facts for which the Debtor basis her relief. *See* Motion generally. In fact, the Motion is nothing more than a recitation of alleged law which applies to the Debtor. However, BANA and Franklin are left to guess how this alleged law applies to the facts known by the Debtor. Accordingly, while

the Debtor lists several principals of law, she does not in any way, specify how any of those provisions apply to the facts of her specific case and entitle her to the relief she seeks. *Id*. As drafted, BANA and Franklin have not been provided any particularity and cannot therefore prepare a meaningful response.

  II.  *The Motion Should be Denied as it fails to comply with Bankr. R. P. 9014 and 7004, and the Debtor failed to property serve BANA and Franklin*

  Bankruptcy Rule of Procedure 9014, in pertinent part, provides as follows:

> (a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.
> (b) *Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004* and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P.

Bankr. R. P. 9014 (*emphasis added*).

  Likewise, Bankruptcy Rule of Procedure 7004, provides for service as follows with respect to corporations and insured depository institution:

> (b) *Service by First Class Mail*. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F. R. Civ. P., service may be made within the United States by first class mail postage prepaid as follows:
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, *by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant*.
> ###
> (h) Service of Process on an Insured Depository Institution. Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be *made by certified mail addressed to an officer of the institution unless*—
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

>   (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>   (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Bankr. R. P. 7004 (*emphasis added*).

The Motion was not properly served pursuant to Bankr. R. P. 7004 upon BANA and Franklin and therefore should be denied. As stated above, BANA is an insured depository institution. As the Motion is a contested matter, Bankr. R. P. 7004(h) applies, and the Debtor had to serve BANA by certified mail addressed to an officer of the institution unless one of the three exceptions provided applied. The certificate of service on the Motion reflects that BANA was served by U.S. Mail to:

>   a.   Bank of America, PO Box 851001, Dallas, TX 75285-1001;
>
>   b.   Bank of America, 100 N. Tryon, Street, Charlotte, NC 28255;

*See* Motion at P. 4.

It is evident from the Certificate of Service that the Debtor failed to serve the Motion as required pursuant to Bankr. R. P. 7004(h). Moreover, none of the exceptions to the required form of service are applicable in this case as (1) BANA's counsel did not appear in this matter until January 17, 2019 [ECF 46], over 2 months after the Motion was served; (2) the Court has not ordered that service upon BANA could be done by any other means; and (2) BANA has not waived in writing its right to be served properly. Accordingly, the Motion was not properly served on BANA and denial is warranted.

Likewise, service on Franklin was improper and the Motion should be denied against it. As stated above, Bankr. R. P. 7004(b)(3) provides that service on a corporation is property when, sent by mailing a copy of the [Motion] to the attention of an officer, a managing or general agent,

or to any other agent authorized by appointment or by law to receive service of process *and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant*. Bankr. R. P. 7004(b)(3) (*emphasis added*).

However, it is clear from the Certificate of Service in the Motion that the Debtor sent the Motion to a registered agent in New York and not California where Franklin is incorporated. Accordingly, the Debtor did not did not sent a copy of the Motion to Defendant as required by Bankr. R. P. 7004(b)(3) and should be denied.

### III. *BANA and Franklin are improper parties to this Motion, as they no longer have an interest in the Loan*

As stated above, BANA was the servicer of the Loan until December 2013 when it service released the Loan to SPS. See attached Exhibit "A" letter dated November 21, 2013. After that date, BANA has had no interest in the Loan at issue and has not taken any actions against the Debtor.

Moreover, as stated above, on June 24, 2014, executed an Assignment of Deed of Trust in favor of Deutsche Bank. See attached Exhibit "B" assigned dated June 24, 2014 and recorded in the Desoto County official records on August 14, 2018. As such, Franklin also lacks any interest in the Property.

Therefore, even if the Debtor had properly pled facts in her Motion, and the basis provided for relief were adequate, which BANA and Franklin, deny they are, neither party is a proper party to the Motion as they lack any interest in the Property and the Debtor has failed to allege otherwise.

For these reasons, the Motion should be denied against BANA and Franklin.

  IV. *The Avoidance Powers Granted to the Trustee are Not Available to the Debtor for the Relief Sought*

As provided above, the Debtor has failed to provide any factual basis for relief under the legal theories provided in the Motion. In particular, the Debtor provides the following basis for avoidance of the foreclosure pursuant to 11 U.S.C. §§ 544(b)(1), 547(b) and 548(B)(i)(ii)(I) because, according to the Debtor, the trustee may avoid any transfer of an interest of the debtor in property (see 11 U.S.C. § 544(b)(1); the court has the power to avoid a foreclosure sale because there is no right to a non-judicial foreclosure as she was deprived of her due process rights (see 11 U.S.C. § 547(b)); and because the sale received less than reasonably equivalent value in exchange for such transfer (11 U.S.C. § 548).  However, the Debtor provides no factual basis for the relief sought under the Trustee's avoidance powers.  Moreover, as a Chapter 7 Trustee has already been appointed, the Debtor has failed to provide any legal basis why she would have the authority granted in the Code to the Trustee.

Accordingly, the avoidance powers granted to Trustee under the Code are not available to the Debtor and the Motion should be denied.

  V. **To the extent a claim exists against BANA and/or Franklin, that claim belongs to the Chapter 7 trustee and not the Debtor**

Pursuant to 11 U.S.C. § 541 defines property of the estate as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
(A) under the sole, equal, or joint management and control of the debtor; or
(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

> (3) *Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.*

11 U.S.C. § 541 (*emphasis added*).

Accordingly, should the Debtor have an avoidance claim under 11 U.S.C. §§ 544, 547, and/or 548, those claims are recoverable to the estate through 11 U.S.C. §§ 550, 551, and 552. Therefore, the claims attempted by the Debtor in the Motion, if recoverable, would belong to the estate for the Chapter 7 Trustee to prosecute on behalf of the bankruptcy estate and not to the Debtor. *Leonard v. Wells Fargo Home Mortg. Co. (In re Leonard)*, 2015 bankr. LEXIS 3686 (Bankr. N.D. Miss. 2015) (Once a bankruptcy petition is filed, an estate is created pursuant to 11 U.S.C.S. § 541. Any pre-petition causes of action and/or claims then pass to the Chapter 7 trustee to prosecute on behalf of the bankruptcy estate; … The pre-petition causes of action and/or claims asserted by debtor in his complaint passed to the Trustee to pursue on behalf of debtor's bankruptcy estate.).

For these reasons, even if the Debtor had plead any facts to support the attempted claims to void the non-judicial foreclosure sale, which she did not, those claims belong to the Chapter 7 Trustee and not the Debtor.

## **CONCLUSION**

WHEREFORE, Bank of America N.A. and First Franklin Corporation, request the Court enter an Order denying the Debtor's Motion with prejudice, and for such other and further relief as this Court deems just and proper under the circumstance.

Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen (No. 20877)
Admitted *pro hac vice*
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307
AMcMullen@bradley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have cause a true and correct copy of the foregoing to be sent by electronic delivery to all parties consenting to service through the Court's CM/ECF system on this the 11th day of February, 2019.

/s/ Austin L. McMullen
Austin L. McMullen